DAVID A. HUBBERT
Acting Assistant Attorney General

GOKCE T. YUREKLI
STEPHEN S. HO
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
Stephen.S.Ho@usdoj.gov
*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EDUARD BEYDER and LARISA BEYDER,<br><br>    Defendants. | Case No. 2:21-cv-10864 |

## COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the penalties assessed under 31 U.S.C. § 5321(a)(5) against Defendant Larisa Beyder for her willful failure to report her interest in a foreign financial account from 2006 through 2011, and against Defendant Eduard Beyder for his willful failure to report his interest in a foreign financial account from 2007 through 2011.  In support of this action, the United States alleges as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1395(a).

## Parties

3. Plaintiff is the United States of America.

4. Defendant Eduard Beyder resides at 14 Donatello Ct, Monmouth Junction, New Jersey.

5. Defendant Larisa Beyder is the wife of Eduard Beyder and also resides at 14 Donatello Ct, Monmouth Junction, New Jersey.

## Regulatory Background

6. All citizens and residents of the United States who have a financial interest in, or signature or other authority over, foreign financial accounts with an aggregate maximum value of greater than $10,000 at some point during the calendar year are required to file an annual report disclosing the existence of each account.  31 U.S.C. § 5314; 31 C.F.R. § 1010.350; 31 C.F.R. § 1010.306.

7. For the 2006 through 2011 years, the annual report, known as a Report of Foreign Bank and Financial Accounts ("FBAR") for a calendar year was due no later than June 30 of following the calendar year.  31 C.F.R. § 1010.306(c).

## Larisa Beyder's Failure to Report Her Interest in a Foreign Financial Account

8. Larisa Beyder is a United States citizen.

9. While on vacation in Switzerland with her husband, Larisa Beyder opened an account in 2003 at BSI Bank with an account number ending in -999 (the BSI '999 account).

10. The BSI '999 account was closed in 2011.

11. From 2006 through 2011, Larisa Beyder had an interest, signatory authority, or other authority over the BSI '999 account.

12. From 2006 through 2011, the total aggregate balance on this account was over $10,000.

13. From 2006 through 2011, the BSI '999 account received over $5 million and transferred out over $6 million.

14. Larisa Beyder used the BSI '999 account, among other things, to transfer over $4 million to the BSI account of Limber Management Co., which was owned by her husband Eduard Beyder.

15. Larisa Beyder did not timely file FBARs reporting her interest in the BSI '999 account for the 2006 to 2011 calendar years.

16. Larisa Beyder did not report her interest in the BSI '999 account to her and her husband's accountant, who prepared their joint tax returns for the 2006 through 2011 taxable years.

17. Larisa Beyder has refused to provide bank statements for the BSI '999 account.

18. Larisa Beyder's father was indicted in 2010 and later pled guilty for a criminal offense related to a failure to file FBARs. Larisa Beyder was the Third-Party Custodian for her father while he awaited sentencing. Larisa Beyder had her BSI '999 account at this time.

19. Larisa Beyder's failure to timely report her interest in her BSI account for each of the 2006 through 2011 calendar years was willful.

**Eduard Beyder's Failure to Report His Interest in a Foreign Financial Account**

20. Eduard Beyder is a United States citizen.

21. In 2007, an account at BSI Bank in Switzerland with an account number ending in -453 (the "BSI '453 account") was opened under the name of Limber Management Co. ("Limber"), with Eduard Beyder listed as the beneficial owner of the account's assets.

22. Limber was incorporated in the Marshall Islands in 2007, and Eduard Beyder was listed as its director and secretary. Limber's principal business activity is reported on delinquent Forms 5471 as a "holding company." An IRS Form 5471 is an information return through which United States persons are required to report their interests in certain foreign corporations.

23. The BSI '453 account was closed in 2011.

24. From 2007 through 2011, Eduard Beyder had an interest, signatory authority, or other authority over the BSI '453 account.

25. From 2007 through 2011, the total aggregate balance on the BSI '453 account exceeded $10,000.

26. Eduard Beyder did not timely file FBARs reporting his interest in the BSI '453 account for the 2007 to 2011 calendar years.

27. The BSI '453 account received over $4 million from Larisa Beyder's BSI '999 account.

28. Eduard Beyder used the BSI '453 account, among other things, to purchase and renovate his and his wife's Florida condo, and to transfer funds to himself, his son, and a relative.

29. Eduard Beyder did not report his interest in the BSI '453 account to his and his wife's accountant, who prepared their joint tax returns for 2007 through 2011.

30. Eduard Beyder has refused to provide bank statements for the BSI '453 account.

31. Eduard Beyder's father-in-law was indicted in 2010 and later pled guilty for a criminal offense related to a failure to file FBARs.  Eduard Beyder had the BSI '453 account at this time.

32. Eduard Beyder's failure to timely report his interest in his BSI account for each of the 2007 through 2011 calendar years was willful.

### Count I:  Judgment for Civil Penalties Assessed Against Larisa Beyder

33. On May 9, 2019, a delegate of the Secretary of the Treasury assessed civil penalties against Larisa Beyder under 31 U.S.C. § 5321(a)(5) in the amounts of: $258,851 for 2006; $258,851 for 2007; $248,070 for 2008; $248,070 for 2009; $200,566 for 2010; and $152,344 for 2011, for a total assessed amount of $1,366,752.

34. A delegate of the Secretary of the Treasury sent notice of the assessments to Larisa Beyder and demanded payment of the assessments on May 17, 2019.

35. Despite notice and demand, Larisa Beyder has failed to fully pay the penalties described in Paragraph 33, above.

36. Interest and late-payment penalties have accrued, and will continue to accrue, on the penalties described in Paragraph 33, above, pursuant to 31 U.S.C. § 3717 until they are paid in full.

37. As of April 12, 2021, Larisa Beyder is indebted to the United States with respect to the penalties described in Paragraph 33, above, in the amount of $1,549,185.31, plus statutory additions that continue to accrue thereafter as provided by law.

### Count II:  Judgment for Civil Penalties Assessed Against Eduard Beyder

38. On May 14, 2019, a delegate of the Secretary of the Treasury assessed civil penalties against Eduard Beyder under 31 U.S.C. § 5321(a)(5) in the amount of $100,000 per year for each of the 2007 through 2011 calendar years, for a total assessed amount of $500,000.

39. A delegate of the Secretary of the Treasury sent notice of the assessments to Eduard Beyder and demanded payment of the assessments on May 16, 2019.

40. Despite notice and demand, Eduard Beyder has failed to fully pay the penalties described in Paragraph 38, above.

41. Interest and late-payment penalties have accrued, and will continue to accrue, on the penalties described in Paragraph 38, above, pursuant to 31 U.S.C. § 3717 until they are paid in full.

42. As of April 12, 2021, Eduard Beyder is indebted to the United States with respect to the penalties described in Paragraph 38, above, in the amount of $566,835.62, plus statutory additions that continue to accrue thereafter as provided by law.

WHEREFORE, the United States respectfully asks that the Court:

A. Enter judgment in favor of the United States and against Larisa Beyder, with respect to the civil penalty assessments described in Paragraphs 33-37, above, in the amount of $1,549,185.31 as of April 12, 2021, plus statutory interest and other additions to tax accruing thereafter according to law until paid in full;

B. Enter judgment in favor of the United States and against Eduard Beyder, with respect to the civil penalty assessments described in Paragraphs 38-42, above, in the amount of $566,835.62 as of April 12, 2021, plus statutory interest and other additions to tax accruing thereafter according to law until paid in full;

C.      Award the United States its costs incurred in prosecuting this action; and

D.      Such other and further relief as the Court deems just and proper.

Dated: May 6, 2021

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Gokce T. Yurekli*
GOKCE T. YUREKLI
STEPHEN S. HO
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
Stephen.S.Ho@usdoj.gov
*Attorneys for the United States of America*

**DESIGNATION UNDER LOCAL RULE OF CIVIL PROCEDURE 101.1(f)**

In accordance with Local Rule of Civil Procedure 101.1(f), the undersigned hereby designate the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

>Chief, Civil Division
>United States Attorney's Office
>District of New Jersey
>970 Broad Street, Ste. 700
>Newark, New Jersey 07102

>*/s/ Gokce T. Yurekli*
>GOKCE T. YUREKLI
>Trial Attorney, Tax Division
>U.S. Department of Justice

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

>*/s/ Gokce T. Yurekli*
>GOKCE T. YUREKLI
>Trial Attorney, Tax Division
>U.S. Department of Justice