UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil Action No. 21-10864 (FLW) (DEA) |
| v. | : | ORDER |
| EDUARD BEYDER and LARISA BEYDER, | : | |
| Defendants. | : | |

**THIS MATTER** comes before the Court on a Motion for Default Judgment filed by Gokce T. Yurekli, Esq., counsel for Plaintiff United States of America (the "United States"); it appearing that Defendants Eduard Beyder ("Eduard") and Larisa Beyder ("Larisa") (collectively "Defendants"), have not opposed the Motion; the Court having reviewed the submissions in connection with the Motion pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

**FACTUAL BACKGROUND**

1. The United States filed this case to collect penalties assessed against Larisa for her willful failure to report her interest in a foreign financial account from 2006 through 2011, and against Eduard for his willful failure to report his interest in a foreign financial account from 2007 through 2011. Defendants are citizens of the United States, residing in New Jersey. (Compl., ¶¶ 4 and 5.)

2. Specifically, with respect to Larisa, the United States alleges that she had a financial interest in a foreign bank account at BSI Bank in Switzerland from 2006 to 2011 (the "BSI '999 account"). (Compl., ¶¶ 9-11.) According to the United States, the aggregate balance in that

1

account exceeded $10,000 for all the years at issue. (Compl., ¶ 12.) The United States further alleges that Larisa used the BSI '999 account to transfer over $4 million to the BSI account of Limber Management Co., a company owned by her husband Eduard. (Compl., ¶ 14.) In performing this transfer, however, the United States submits that Larisa did not report her interest in the BSI '999 account to her and her husband's accountant, who prepared their joint tax returns for the 2006 through 2011 tax years. (Compl. ¶¶ 15-16.) In addition, the United States claims that Larisa refused to provide bank statements for her account. (Compl. ¶ 17).

3. Because Larisa purportedly did not timely file a Report of Foreign Bank Account and Financial Accounts ("FBAR") for 2006 through 2011, reporting her interest in her BSI '999 account, the United States alleges that the Internal Revenue Service assessed civil penalties against Larisa under 31 U.S.C. § 5321(a)(5) for that same period on May 9, 2019. (Compl. ¶¶ 19, 33.) Despite notice and demand for payment, however, Larisa has purportedly failed to pay the FBAR penalties assessed against her, and therefore, she owes to the United States approximately $1,549,185.31, plus statutory penalties that continue to accrue as provided by law. (Compl. ¶¶ 34-37; *see also* Declaration of Nancy Beasley ("Beasley Decl.") ¶ 4.)

4. As for Eduard, the United States alleges that he had a financial interest in a different foreign bank account at BSI Bank in Switzerland from 2007 to 2011 (the "BSI '453 account"), which was opened under the name of Limber Management Co., with Eduard listed as the beneficial owner of the account's assets. (Compl., ¶ 21.) According to the United States, Eduard's BSI '453 account received over $4 million from Larisa's BSI '999 account, and he used the BSI '453 account to purchase and renovate the couple's Florida condo, and to transfer funds to himself, his son, and a relative. (Compl., ¶¶ 27-28.) As stated above, Eduard allegedly did not report his interest in the BSI '453 account to his and his wife's accountant, who prepared their

joint tax returns for 2007 through 2011 tax years. (Compl., ¶ 29.) The United States also claims that, like Larisa, Eduard refused to provide bank statements for his account. (Compl., ¶ 30.) Further, as with Larisa, the United States alleges that Eduard did not timely file an FBAR for 2007 through 2011, reporting his interest in his BSI '453 account, and therefore, on May 14, 2019, the Internal Revenue Service assessed civil penalties against Eduard under 31 U.S.C. § 5321(a)(5). (Compl. ¶¶ 32, 38.) Despite notice and demand for payment, Eduard has purportedly failed to pay the FBAR penalties assessed against him, and the United States claims that as of April 12, 2021, Eduard is indebted to the United States in the amount of $566,835.62, plus statutory penalties that continue to accrue as provided by law. (Compl. ¶¶ 42, Beasley Decl. ¶ 5.)

## PROCEDURAL HISTORY

5. On May 6, 2021, the United States filed the Complaint in this action, asserting claims for judgment for civil penalties assessed against Larisa Beyder and Eduard Beyder pursuant to 31 U.S.C. § 5321(a)(5). (Compl., ECF No. 1.) The Clerk of the Court issued summonses for Defendants on May 7, 2021. (ECF No. 2.)

6. On May 17, 2021, the United States effected service on Defendants by personal service in Monmouth Junction, New Jersey, pursuant to Fed. R. Civ. P. 4(e)(1) and (2). (ECF Nos. 3 and 4.) Despite service, Defendants have not answered or otherwise responded to the Complaint. Thus, on June 14, 2021, the Clerk of Court entered default against them, and on August 13, 2021, the United States filed the instant Motion for Default Judgment.

7. Defendants have not filed opposition to the United States' Motion for Default Judgment, nor have they filed a responsive pleading in this action.

## **LEGAL STANDARD**

8. The Court may enter default judgment under Federal Rule of Civil Procedure 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on a motion for default judgment, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535–36; *see also DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005) (stating that "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment").

9. In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *See Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798, at *2 (D.N.J. Mar. 2, 2017).

**DISCUSSION**

10. First, the preliminary requirements for entry of default judgment are met.  The Court has jurisdiction over the United States' claims pursuant to 28 U.S.C. § 1331.  In addition, it appears that both Defendants are New Jersey residents and were properly served in accordance with the Federal Rules of Civil Procedure.  Defendants have not answered the Complaint and default has been entered against them.

11. Next, the Court must determine whether the United States' Complaint states a claim against Defendants.  In conducting this inquiry, the Court accepts as true a plaintiff's well-pleaded factual allegations while disregarding its mere legal conclusions.  *See Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533 at *1 (D.N.J. Mar. 14, 2006).

12. Under 31 U.S.C. § 5314(a), citizens who have interests in foreign accounts are required to keep records and report certain information regarding those accounts.  31 C.F.R. § 1010.350 provides that citizens who maintained an interest in, or had signature authority over, a foreign financial account are required to report the existence of the account and other information about the account to the IRS each year.  The reporting requirements apply to accounts with more than $10,000 maintained during the previous calendar year.  31 C.F.R. § 1010.306.

13. Any person who does not comply with the reporting requirements set forth above is subject to the imposition of a civil penalty by the Secretary of the Treasury.  31 U.S.C. § 5321(a)(5). The penalty for non-willful violations cannot exceed $10,000 per account, and the penalty for willful violations cannot exceed the greater of $100,000 or 50% of the balance of the account at the time of the violation.  31 U.S.C. §§ 5321(a)(5)(B) & (C).  Willful violations include both knowing and reckless standards.  *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007).

14. Taking the allegations of the Complaint as true, as it must, the Court finds that the United States has properly stated a sufficient cause of action against both Defendants. According to the unrebutted allegations of the Complaint, from 2006 through 2011, Larisa was subject to the reporting requirements set forth in § 5314 because, as a United States citizen, she had an interest in the BSI '999 account and the balance of that foreign financial account exceeded $10,000 for each year. However, according to the United States, Larisa failed to timely file FBARs reporting of the foreign account from 2006 through 2011. Similarly, the United States also alleges that Eduard was subject to the reporting requirements set forth in § 5314 because, as a United States citizen, he had an interest in the BSI '453 account from 2007 to 2011, and the balance of that foreign financial account exceeded $10,000 for each year. The United States alleges that, like Larisa, Eduard failed to timely file FBARs reporting of the foreign account from 2006 to 2011. Thus, the United States alleges that Larisa and Eduard failed to comply with the reporting requirements regarding their respective foreign accounts, and that their conduct was willful as evidenced by their refusal to provide bank statements for the BSI '999 and '453 accounts.[1] Accordingly, the United States adequately alleges that it is entitled to collect the penalties assessed against Defendants under § 5321(a)(5).

## DISCRETIONARY FACTORS

15. The discretionary factors also counsel in favor of granting default judgment. To determine whether granting default judgment is proper, the Court must make "factual findings as to: (1)

---

[1] In addition, the Complaint alleges that in 2010, at the time Eduard and Larisa maintained the accounts, Larisa's father (Eduard's father-in-law) was indicted and later pled guilty for a criminal offense related to a failure to file FBARs. (Compl., ¶¶ 18 and 31.) At the time, Larisa was the Third-Party Custodian for her father while he awaited sentencing. (*Id.*) Accordingly, Defendants were clearly aware of the FBAR requirements and the potential penalties for failing to file FBARs when they themselves failed to file FBARs on their accounts.

whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

16. First, Defendants have not opposed the United States' Motion for Default, and therefore, the current record does not indicate that Defendants have any meritorious defense. *See Malibu Media, LLC v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Accordingly, this factor weighs in favor of granting default judgment.

17. With respect to prejudice, this factor is satisfied because if the Court does not grant default judgment, the United States will be left without recourse against these Defendants. *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, No. 16-9207, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018); *Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798, at *3 (D.N.J. Mar. 2, 2017) ("[W]ithout a default judgment, Plaintiff has no other means to seek relief for the harm allegedly caused by Defendants.").

18. Finally, the remaining factor regarding Defendants' culpability weighs in favor of granting default judgment. Defendants have not participated in the litigation despite being served with the Complaint approximately four months ago. Thus, Defendants are culpable for defaulting in this case. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) ("Reckless disregard for repeated communications from plaintiffs and the court, combines with the failures to investigate the source of a serious injury, can satisfy the culpable conduct standard."). As a result, the Court finds that default judgment is appropriate.

**DAMAGES**

19. Although the factual allegations of the Complaint will be taken as true, the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Further, courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment. *Paniagua Grp., Inc. v. Hospitality Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016). Federal Rule of Civil Procedure 55(b)(2)(B) provides that "the court may conduct hearings ... to determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, a hearing is not necessary if the Court "ensures that there is a basis for the damages specified in the default judgment." *Paniagua Grp., Inc.*, 183 F. Supp. 3d at 605 (quoting *Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer Inc.*, No. 08-2782, 2009 WL 3584358, at *3, (D.N.J. Oct. 27, 2009)).

20. In support of its Motion, the United States submitted the declaration of Nancy Beasley, an FBAR Penalty Coordinator for the IRS. (*See* Beasley Decl.) Upon her review of the relevant and requisite information, Ms. Beasley attests that as of April 12, 2021, Larisa owes a total of $1,549,185.31, and Eduard owes a total of $566,835.62. (*Id.* ¶¶ 4-5.) Specifically, with respect to Larisa, a civil penalty totaling $1,366,752 was assessed against her for her willful failure to report her interest in the BSI '999 account from 2006 through 2011. Additionally, interest has accrued in the amount of $26,061.90, and late-payment penalties were assessed pursuant to 31 U.S.C. § 3717 in the amount of $156,371.41. (*Id.*) As for Eduard, Ms. Beasley asserts that a civil penalty totaling $500,000 was assessed against him for his willful failure to report his interest in the BSI '453 account from 2007 through 2011. Additionally, interest has accrued in the amount of $9,547.95, and late-payment penalties were assessed pursuant to 31 U.S.C. § 3717 in the amount of $57,287.67. (*Id.*) In addition, Ms. Beasley declares that further interest

and penalties will continue to accrue at the rates specified in 28 U.S.C. § 1961, 31 U.S.C. §§ 3717(a)(1) and (e)(2), until Defendants' debts are paid in full. (*Id.* ¶ 6.) The Court find this evidence is sufficient to show that Larisa owes the United States $1,549,185.31, plus statutory penalties that will continue to accrue until the amount is paid in full, and Eduard owes the United States $566,835.62, plus those same statutory penalties. These amounts are sum certain, without the need for a damages hearing.

Accordingly, for the reasons set forth herein and for good cause shown,

**IT IS** on this 8th day of September, 2021,

**ORDERED** that judgment is entered in favor of the United States and against Larisa Beyder in the amount of $1,549,185.31 (which includes a late-payment penalty of $156,371.41, in addition to the FBAR penalty assessment of $1,366,752, and pre-judgment interest of $26,061.90) and Eduard Beyder in the amount of $566,835.62 (which includes a late-payment penalty of $57,287.67, in addition to the FBAR penalty assessment of $500,000, and pre-judgment interest of $9,547.95), pursuant to 31 U.S.C. § 5321(a)(5), plus pre-judgment interest on the FBAR penalty assessment as provided by 31 U.S.C. § 3717(a)(1) and late-payment penalties under 31 U.S.C. §3717(e)(2) accrued from April 12, 2021, to the date of entry of this judgment; and it is further

**ORDERED** that the United States is directed to submit a certification, accompanied by a proposed order, which provides a breakdown of the amount owed by Larisa Beyder and Eduard Beyder for pre-judgment interest on the FBAR penalty assessment as provided by 31 U.S.C. § 3717(a)(1) and late-payment penalties under 31 U.S.C. §3717(e)(2), as well as the calculation methodology and basis for those amounts; and it is further

**ORDERED** that the United State shall be entitled to post-judgment interest on the FBAR penalty pursuant to 28 U.S.C. § 1961(a), and post-judgment late-payment penalties pursuant to 31

U.S.C. § 3717(e)(2) and 31 C.F.R. §§ 5.5(a) and 901.9, from the date of this judgment until the judgment is paid in full.

                                                                                          <u>s/ Freda L. Wolfson</u>
                                                                                          Hon. Freda L. Wolfson
                                                                                          U.S. Chief District Judge